**Mary L. BELLAMY, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 00–6271.

United States Court of Appeals, Second Circuit.

May 1, 2001.

Mary L. Bellamy, Oakdale, CT, pro se.

Ann M. Nevins, Assistant United States Attorney; Stephan C. Robinson, United States Attorney, District of Connecticut, Joseph E. Dunn, Assistant Regional Counsel, Social Security Administration, on the brief, for appellee.

Present WALKER, Chief Judge, McLAUGHLIN, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Mary L. Bellamy, *pro se*, appeals from a September 5, 2000, judgment of the United States District Court for the District of Connecticut (Gerard L. Goettel, *Judge*), affirming the decision of the Administrative Law Judge ("ALJ") to deny Bellamy Social Security disability insurance benefits under the Social Security Act. The district court affirmed the ALJ's decision, finding that the ALJ's determination was supported by substantial evidence. On appeal, we undertake our own plenary review of the administrative record to determine whether substantial evidence supports the Commissioner's denial of benefits. *See Havas v. Bowen*, 804 F.2d 783, 785 (2d Cir.1986); *see also* 42 U.S.C. § 405(g). We hold that the ALJ's finding that Bellamy's back injuries did not render her "disabled" within the meaning of the Act was based on substantial evidence, because the Commissioner met its burden of demonstrating that a significant number of jobs existed in the national economy that Bellamy could perform. *See* 20 C.F.R. 404.1520(f); *Hecker v. Campbell*, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1993).

A claimant is entitled to Social Security disability benefits if unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (1982). The ALJ found that there were a significant number of jobs available in the national economy Bellamy could perform, given her specific physical limitations, and that she was therefore not "disabled" within the meaning of the Act. This finding is supported by substantial evidence. Under the fifth step of the sequential evaluation to determine whether a claimant is entitled to benefits under the Social Security Act, the burden shifts to the Commissioner to 1) assess the claimant's present job qualifications considering physical ability, age, education, and work experience, and 2) consider whether jobs exist in the national economy which the claimant could perform. *See* 20 C.F.R. § 404.1520(f); *Hecker v.. Campbell*, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1993).

The ALJ properly sought the testimony of a vocational expert because he determined that Bellamy suffered from nonexertional limitations. *See Bapp v. Bowen*, 802 F.2d 601, 606 (2d Cir.1986). The vocational expert testified, and the ALJ found, that based on Bellamy's age, education, and work experience, she could perform nationally available jobs consistent with her limitation requiring her to be able to sit or stand at will. The vocational expert's testimony was tailored to several hypothetical questions the ALJ posed which incorporated the full range of limitations presented in Bellamy's case, including a need to stand at 20–minute intervals; restrictions on lifting more than 10 pounds; and restrictions to part-time work. *See Aubeuf v. Schweiker*, 649 F.2d 107, 114 (2d Cir.1981) (finding that a vocational expert's testimony "is only useful if it addresses whether the particular claimant, with his limitations and capabilities, can realistically perform a particular job.").

We have considered Bellamy's remaining arguments and find them to be without merit. For the reasons set forth above,

the judgment of the district court is hereby AFFIRMED.